Filed 5/1/26  Kiroloss v. Torrance Housing Assistance etc. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| ANGIE KIROLOSS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>TORRANCE HOUSING ASSISTANCE COMMUNITY DEVELOPMENT DEPARTMENT,<br><br>Defendant and Respondent. | B340532<br><br>(Los Angeles County Super. Ct. No. 23STCP03238) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

Angie Kiroloss, in pro. per., for Plaintiff and Appellant.

Best Best & Krieger, Alexander M. Brand, and Clarissa Thurston for Defendant and Respondent.

This appeal is taken from a trial court ruling sustaining defendant and respondent City of Torrance's (the City's) demurrer to plaintiff and appellant Angie Kiroloss's (Kiroloss's) petition challenging termination of her Section 8 housing benefits.[1] We consider whether the trial court erred in dismissing the case as moot based on its finding that Kiroloss was evicted from her apartment via an unlawful detainer proceeding after the City terminated her benefits, which meant the City would still be required to terminate her from its Section 8 program even if its original termination decision was infirm.

## I. BACKGROUND

### A. *Termination of Benefits and Unlawful Detainer*

Kiroloss received Section 8 housing rental assistance payments through the City's Housing Choice Voucher Program (the program). Between January and March 2023, Kiroloss received a number of lease violation notices. Kiroloss met with the housing authority and denied committing the violations. Kiroloss was thereafter notified her housing assistance would be terminated effective May 31, 2023, due to her failure to comply with certain obligations, including her obligations to pay rent, to allow the landlord to inspect the unit at reasonable times and after reasonable notice, and to refrain from damaging the unit or premises.

---

[1] The City was sued as "Torrance Housing Assistance Community Development Section 8 Voucher Assistance Program."

Kiroloss requested an informal hearing, which was held on May 30, 2023. Following the hearing, the City reaffirmed its decision to terminate Kiroloss from the program.

At the same time (May 2023), Kiroloss's landlord filed an unlawful detainer case against her. The matter proceeded to a jury trial. Though the record does not include a copy of the unlawful detainer complaint, it does include certain jury instructions delivered at the unlawful detainer trial.[2] As relevant here, one of the instructions outlined the elements the landlord was required to prove to prevail on a claim that Kiroloss no longer had the right to occupy the property because she breached the rental agreement. The jury was required to find that, under the rental agreement, Kiroloss agreed to obtain the landlord's consent before making any alterations to the premises and Kiroloss did not obtain consent before (among other things) removing and disposing of a shower door and permanently gluing tile to a sink. The jury was further instructed Kiroloss's "failure to perform the requirements of the rental agreement must not be trivial but must be a substantial violation of important obligations."

The jury found Kiroloss breached an obligation of her rental agreement, Kiroloss failed to comply with a three-day notice to perform or quit, and the landlord provided Kiroloss with written notice to perform or vacate the property at least three

---

[2]     The trial court took judicial notice of excerpts from the unlawful detainer jury instructions on its own motion and attached a copy of the excerpts to an order included in the appellate record. On our own motion, we also take judicial notice of the jury instructions. (Cal. Evid. Code, §§ 452, subd. (d)(1); 459.)

3

days before the specified date. The court entered an unlawful detainer judgment for the landlord against Kiroloss, divested her of possession, and declared the lease agreement forfeited.

B. *Kiroloss's Mandamus Petition and Subsequent Court Proceedings*

In September 2023, Kiroloss filed a petition for writ of mandate.[3] Approximately two months later, she filed an amended petition (the operative petition), which was styled a petition for a writ of administrative mandamus under sections 1094.5 and 1095.6. The allegations in the petition contested the termination of Kiroloss's Section 8 rental assistance and her termination from the program. Kiroloss alleged, in the main, that the hearing at which her participation was terminated was unfair.

The City demurred to the operative petition and argued Kiroloss's contention that she should be given a new benefits termination hearing failed because it was barred by the 90-day statute of limitations applicable to judicial review of administrative decisions.[4] The City further argued that even if the challenge was timely, the matter was moot because Kiroloss had been evicted from her government-assisted housing,[5] the City

---

[3]     The original petition is not in the appellate record.

[4]     The City also filed a motion to strike, seeking to strike two portions of the petition on the ground that they were irrelevant or improper.

[5]     In support of its demurrer, the City requested judicial notice of the minute order memorializing the jury's verdict in the unlawful detainer case and the unlawful detainer judgment.

4

was therefore legally required to terminate her Section 8 benefits, and the court thus could not order the City to reinstate Kiroloss's benefits even if she were given a new hearing.

The trial court held two hearings on the demurrer in the summer of 2024. After the second hearing, the court issued a written order sustaining the demurrer and the motion for judgment on the pleadings without leave to amend.[6] In ruling, the court took judicial notice of materials related to the unlawful detainer case against Kiroloss, including, on its own motion, a jury instruction given to the unlawful detainer jury. Having noticed these materials, the court concluded the jury necessarily found Kiroloss's breach of her lease was not merely "trivial" but instead a "substantial" violation of "important obligations" under the lease. The court found that because a jury found Kiroloss committed a serious violation of her lease and the judgment in the unlawful detainer case was final, termination of Kiroloss's housing benefits would be mandatory pursuant to 24 Code of Federal Regulations part 982.552(b)(2), a regulation that requires a public housing agency to terminate Section 8 assistance for a family evicted from housing for a serious violation of the lease.

---

[6] Kiroloss's petition also named the U.S. Department of Housing and Urban Development (HUD) as a defendant, though HUD never appeared in the action. In the same order in which it sustained the City's demurrer, the trial court also granted its own motion for judgment on the pleadings with respect to HUD, both because HUD had sovereign immunity and for the same reason it sustained the City's demurrer.

5

The court accordingly found there was no effective relief Kiroloss could obtain and dismissed the case with prejudice.[7]

## II. DISCUSSION

The demurrer to Kiroloss's petition was properly sustained because there is no effective relief a court could provide even if she prevailed. Kiroloss was evicted from her apartment via an unlawful detainer proceeding, and the trial court found, based on judicially noticed materials, that she was evicted for a serious violation of her lease. Reversing the City's termination decision—made before the unlawful detainer trial—would be an idle act because the pertinent federal regulation would require the City to terminate Kiroloss's Section 8 benefits even if she were given a new benefits termination hearing.

"California courts will decide only justiciable controversies." (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573.) "Justiciability . . . 'involves the intertwined criteria of ripeness and standing. A controversy is "ripe" when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and

_____

[7] We previously granted the City's motion to augment the record with its demurrer, motion to strike, and related documents it filed in the trial court, all of which were not included in the appellate record.

Kiroloss also filed a motion to augment the appellate record, which we now deny. Many of the documents Kiroloss seeks to add to the record, including the order sustaining the demurrer and the filings in the unlawful detainer matter, are already included in the record. The remaining documents were not (so far as Kiroloss's motion reveals) before the trial court when it ruled on the demurrer.

6

useful decision to be made.' [Citation.]" (*Ibid*.) "Moot cases, in contrast, are '[t]hose in which an actual controversy did exist but, by the passage of time or a change in circumstances, ceased to exist.' [Citation.]" (*Ibid*; see also *Golden State Water Co. v. Public Utilities Com.* (2024) 16 Cal.5th 380, 393 ["A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief whatever"'"].)

"Section 8 of the Housing and Community Development Act of 1974 ([S]ection 8) (42 U.S.C. § 1437f(o)) is a federally funded and regulated program that provides housing assistance to financially eligible families. The United States Department of Housing and Urban Development (HUD), which funds the [S]ection 8 program, has enacted regulations governing the administration of the program by local public housing agencies. The regulations provide both mandatory and discretionary grounds for termination from the program. (24 C.F.R. § 982.552 (2019).) Termination is mandatory when a participant has been evicted from subsidized housing for serious violations of the participant's lease. (24 C.F.R. § 982.552(b)(2) (2019).)" (*Johnson v. Housing Authority of City of Oakland* (2019) 38 Cal.App.5th 603, 606.) 24 Code of Federal Regulations part 982.552 (2025) does not define what conduct constitutes a "serious violation of the lease." A different regulation, 24 Code of Federal Regulations part 982.310 (2025), which addresses the grounds on which an owner may terminate housing provided under Section 8, provides some additional guidance in stating a serious violation "includ[es] but [is] not limited to failure to pay rent or other amounts due under the lease . . . ." (24 C.F.R. § 982.310(a)(1) (2025).)

Under Code of Civil Procedure section 1161, "[a] tenant of real property, for a term less than life . . . is guilty of unlawful detainer" in specified circumstances, including when the tenant continues in possession of the property "after default in the payment of rent" or "after a neglect or failure to perform other conditions or covenants of the lease or agreement under which the property is held . . ." and a three-day notice to pay rent or otherwise perform has been served on the tenant. (Code Civ. Proc., § 1161.)

Here, the unlawful detainer verdict, read in conjunction with the jury instruction defining the elements the landlord was required to prove, establishes not only that Kiroloss violated the terms of her lease but also that her "failure to perform" a term of the lease was not "trivial" and was instead "a substantial violation of important obligations." We agree with the trial court that this constitutes a "serious" violation. This means that even if we were to assume Kiroloss was entitled to remand based on the allegations in her petition, the verdict and judgment in the unlawful detainer case would require the City to terminate Kiroloss from its Section 8 program. (24 C.F.R. § 982.552(b)(2) (2025).) As it is thus impossible for a court to grant Kiroloss any effective relief, her petition is moot and was properly dismissed. (Kiroloss makes no argument suggesting any discretionary exception to mootness applies.)

The arguments Kiroloss advances to dispute mootness are all unavailing. She argues the City did not provide any evidence supporting its assertion that she committed serious lease violations. But the unlawful detainer verdict, when coupled with

8

the relevant jury instruction, sufficed.[8]  She asserts California's 2019 Tenant Protection Act demonstrates the asserted lease violations were not "serious."  The California statute, however, does not bear on the meaning of a federal regulation, and, even if it did, the act defines "just cause" (for terminating a tenancy) to include a "breach of a material term of the lease, as described in [the unlawful detainer statute], including, but not limited to, violation of a provision of the lease after being issued a written notice to correct the violation."  (Civ. Code, § 1946.2, subds. (a)-(b).)  Kiroloss also references 24 Code of Federal Regulations part 982.354, which addresses situations in which a tenant may move into a new unit with continued tenant-based assistance, but that regulation is inapposite here because Kiroloss's lease was terminated for a "serious violation," and thus her termination from the housing assistance program was mandatory under 24 Code of Federal Regulations part 982.552.

---

[8]  Kiroloss, in the trial court and this court, relies on documents that were not attached to her complaint but were submitted in conjunction with her response to the City's demurrer.  Kiroloss made no request to have those documents judicially noticed, and, other than the filings from the unlawful detainer matter (which are included in other portions of the record), they do not appear to be judicially noticeable.  The trial court appropriately declined to rely upon those documents, and we similarly do not consider them in our analysis.

DISPOSITION

The judgment is affirmed.  The City is awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:


HOFFSTADT, P. J.


KIM (D.), J.